UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.:

IN RE APPLICATION OF

NOVOSHIP (UK) LIMITED,

Applicant,

Pursuant to 28 U.S.C. § 1782 for Judicial
Assistance in Obtaining Evidence for Use in
Foreign and International Proceedings.
_____/

## *EX PARTE* PETITION OF NOVOSHIP (UK) LIMITED FOR JUDICIAL ASSISTANCE IN AID OF A FOREIGN PROCEEDING PURSUANT TO 28 U.S.C. § 1782

Novoship (UK) Limited ("Novoship") respectfully submits this *Ex Parte* Petition for Judicial Assistance in Aid of a Foreign Proceeding Pursuant to 28 U.S.C. § 1782 to obtain documentary and testimonial evidence for use in a foreign proceeding (the "Petition"). In support of this Petition, Novoship states as follows:

### FACTUAL BACKGROUND

1. The facts relevant to this Petition are set forth below and in the accompanying Declaration of Stephen Kirkpatrick ("Declaration"), attached as **Exhibit A**. The facts stated in the Declaration are incorporated herein by reference and provide a much more detailed factual background than the summary that follows below.

2. Novoship seeks assistance from this Court to obtain documentary and testimonial evidence from seven discovery targets found in this District, namely: Harry Sargeant Jr., Harry Sargeant III, Daniel Sargeant, James Sargeant, Sargeant Marine Inc., International Oil Trading Company LLC, and Berger Singerman LLP (the "Discovery Targets"). Declaration ¶ 8.

3. The purpose of the discovery sought is to aid Novoship in its defense in an on-

going legal proceeding being heard before the English High Court (*Maroil Trading Inc & Others v. Cally Shipholdings Inc & Others*, Claim No. CL-2018-000824) (the "Foreign Proceeding"). *Id*. ¶¶ 3-7.

4. Novoship is an interested party in the Foreign Proceeding. It is being sued in the Foreign Proceeding for an alleged breach of a settlement agreement. *Id*. ¶¶ 3-4, 35-36. Novoship, as a judgment creditor, entered into the settlement agreement with various entities beneficially owned and controlled by Venezuelan businessman Wilmer Ruperti ("Mr. Ruperti"), who were the judgment debtors. *Id*. ¶¶ 10-15. The settlement agreement contained a confidentiality provision that prohibited the disclosure of certain documents pertaining to the judgment debtors to third parties. *Id*. ¶ 16. According to Mr. Ruperti, the settlement agreement was breached when some allegedly confidential documents (the "Confidential Documents," as more particularly defined in the Declaration) were disclosed, albeit without authority to do so, to third parties by Novoship's agents. *Id*. ¶¶ 14, 17-18, 27. Specifically, Novoship's agents provided the Confidential Documents to Daniel Sargeant and his family-owned company, Latin American Investments Limited ("LAIL"), for their own purposes. *Id*. ¶¶ 13-14, 17-19, 27.

5. As part of its defense in the Foreign Proceeding, Novoship argues (among other things) (1) that its agents caused the disclosure of the Confidential Documents to Daniel Sargeant and LAIL without Novoship's authorization, knowledge or involvement, and (2) that the disclosure of the documents was justified, in any event, because it served the public benefit by uncovering fraudulent and unlawful activity perpetuated by Mr. Ruperti against LAIL. *Id*. ¶¶ 6, 17-18, 20, 27, 28, 36-40. (The background of the actual disclosure of the documents to LAIL, as well as the background of the Ruperti-LAIL fraud, are described in the Declaration. *Id*. ¶¶ 17-34.)

2

6. Upon receipt of the Confidential Documents, LAIL formally sued Mr. Ruperti for breach of trust, breach of fiduciary duty and breach of contract, and for fraudulently concealing these breaches, in the English High Court (*Latin American Investments Limited & Others v. Maroil Trading & Others*, Claim No. CL-2017-000130); however, that case eventually settled and no judicial determination of the fraudulent or unlawful activity was entered. *Id.* ¶¶ 7, 28-30. Therefore, for Novoship to prevail on its public policy defense in the Foreign Proceeding, it must be clear that the disclosure of the Confidential Documents was justified under the circumstances and that fraudulent and unlawful activity existed. To that end, Novoship seeks third-party discovery from the Discovery Targets. Additionally, Novoship seeks discovery relevant to proving LAIL's claim in full against the Foreign Claimants.

7. Novoship proposes to serve the Discovery Targets with subpoenas in a form substantially similar to those attached hereto as **Composite Exhibit B**. The subpoenas seek documents as well as testimony.

8. A Section 1782 petition typically is presented and granted *ex parte* in this District, to allow the applicant to serve the discovery requests. At that point, the discovery target can respond to the discovery, including raising any objections. *See In re Clerici*, 481 F.3d 1324, 1329 (11th Cir. 2007) (describing the procedural history of the court's granting of the *ex parte* petition, the serving of request for deposition, and the deponent's motion in opposition to the deposition for the court's review).

## JURISDICTION AND VENUE

9. This Court has federal question subject matter jurisdiction pursuant to 28 U.S.C. § 1782 as this is an application for discovery seeking the production of documents and testimony located within this District by a party in a proceeding currently taking place before the English

High Court for use in that foreign proceeding.

10.     Venue in this District is appropriate because the Discovery Targets are found in this District and the actual discovery sought also is located within this District.

## ARGUMENT

As detailed below, Novoship meets the statutory requirements of 28 U.S.C. § 1782, as well as the discretionary factors discussed in the relevant case law. Novoship thus respectfully requests that this Petition for discovery be granted forthwith.

**I.      Standard for Granting Section 1782 Petition**

"Section 1782 is the product of congressional efforts, over the span of nearly 150 years, to provide federal-court assistance in gathering evidence for use in foreign tribunals." *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 247 (2004). "Congress substantially broadened the scope of assistance federal courts could provide for foreign proceedings" pursuant to Section 1782 to include "documentary and other tangible evidence as well as testimony." *Id.* at 247-48.

Indeed, the Eleventh Circuit repeatedly has recognized the liberal policy in favor of granting petitions for judicial assistance under Section 1782. *See, e.g.*, *Glock v. Glock, Inc.*, 797 F.3d 1002, 1007 (11th Cir. 2015) ("The current embodiment of the [Section 1782] law reflects the policy choice to provide efficient means of assistance in our federal courts for litigants involved in international litigation and to prompt foreign courts to follow our generous example and provide similar assistance to our court systems.") (quotations omitted); In re *Application of Consorcio Ecuatoriano de Telecomunicaciones S.A. v. JAS Forwarding (USA), Inc.*, 747 F.3d 1262, 1269 (11th Cir. 2014) ("the history of Section 1782 reveals Congress' wish to *strengthen* the power of district courts to respond to requests for international assistance")

(quotation omitted, emphasis in original); *In re Clerici*, 481 F.3d at 1333 (affirming order granting discovery under Section 1782 and citing Hans Smit, *American Assistance to Litigation in Foreign and International Tribunal: Section 1782 of Title 28 of the U.S.C. Revisited*, 25 Syracuse J. Int'l L. & Com. 1, 9 (1998) for the proposition that "[t]he purpose of Section 1782 is to liberalize the assistance given to foreign and international tribunals").

The statute reads, in pertinent part:

> (a) The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal, including criminal investigations conducted before formal accusation. The order may be made pursuant to a letter rogatory issued, or request made, by a foreign or international tribunal or upon the application of any interested person and may direct that the testimony or statement be given, or the document or other thing be produced, before a person appointed by the court. By virtue of his appointment, the person appointed has power to administer any necessary oath and take the testimony or statement. The order may prescribe the practice and procedure, which may be in whole or part the practice and procedure of the foreign country or the international tribunal, for taking the testimony or statement or producing the document or other thing. To the extent that the order does not prescribe otherwise, the testimony or statement shall be taken, and the document or other thing produced, in accordance with the Federal Rules of Civil Procedure. A person may not be compelled to give his testimony or statement or to produce a document or other thing in violation of any legally applicable privilege.

28 U.S.C. § 1782(a) (2016).

Courts have distilled Section 1782's language into a two-part inquiry: first, whether a district court is authorized to grant relief under the statute, and second, whether the court should grant relief in its broad discretion. *Consorcio*, 747 F.3d at 1271. A district court is authorized to grant relief when the following four statutory requirements are met: (1) the person from whom discovery is sought must reside or be found in the district in which the petition is filed; (2) the

request must seek evidence, whether it be the "testimony or statement" of a person or the production of "a document or other thing;" (3) the request must be made "by a foreign or international tribunal" or by "any interested person;" and (4) the evidence must be "for use in a proceeding in a foreign or international tribunal." 28 U.S.C. § 1782(a); *In re Clerici*, 481 F.3d at 1331-32.

Once the district court has determined that it is authorized to grant relief, it is free to grant relief in its broad discretion. "In making its determination, district courts must exercise their discretion with an eye towards the statute's goals, i.e., providing efficient means of assistance to participants in international litigation and encouraging foreign countries by example to provide similar means of assistance to our courts." *In re Application of N. Am. Potash, Inc.*, 12-20637-CV, 2012 WL 12877816, at *5 (S.D. Fla. Nov. 19, 2012) (internal citation and quotation omitted), *report and recommendation adopted*, 12-20637, 2013 WL 12113190 (S.D. Fla. Mar. 13, 2013); *see In re Pimenta*, 942 F. Supp. 2d 1282, 1288 (S.D. Fla. 2013) (citing the same "twin aims of the statute"). "As a general matter, these considerations counsel heavily in favor of generous federal court assistance." *N. Am. Potash, Inc.*, 2012 WL 12877816, at *5.

The Supreme Court set forth various discretionary factors for courts' consideration in *Intel*:

> (1) whether "the person from whom discovery is sought is a participant in the foreign proceeding," because "nonparticipants in the foreign proceeding may be outside the foreign tribunal's jurisdictional reach" and therefore their evidence may be "unobtainable absent § 1782(a) aid;"
>
> (2) "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance;"
>
> (3) "whether the § 1782(a) request conceals an attempt to

> circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States;" and
>
> (4) whether the § 1782(a) request is "unduly intrusive or burdensome."

542 U.S. at 264-65; *Consorcio*, 747 F.3d at 1272-73.

## II. Novoship's Section 1782 Petition Meets the Statutory Requirements for Relief

As shown below, all four statutory requirements for the granting of Section 1782 relief are satisfied here.

### A. The Type of Discovery Sought Is Permissible and Is Found in This District

The first two statutory elements of Section 1782 are easily satisfied here. The type of discovery Novoship seeks—documentary and testimonial, as reflected in the subpoenas attached as Composite Exhibit B—is expressly permitted by the statute. Moreover, all of the Discovery Targets are found in this District.

Courts have held that a company or person "resides or is found in" this District if it transacts business in this District or has an office here, or if it may otherwise be served with a subpoena in this District. *See Consorcio*, 747 F.3d at 1269 (it was undisputed that "JAS USA . . . has an office and does business in Miami and is therefore 'found in the district of the district court ruling on the application for assistance'—namely, the Southern District of Florida."); *In re Emergency Ex Parte Application of Godfrey*, 17-21631-CV, 2018 WL 1863749, at *8 (S.D. Fla. Feb. 22, 2018), *report and recommendation adopted sub nom. In re Godfrey*, 17-21631-CIV, 2018 WL 1859344 (S.D. Fla. Mar. 15, 2018) ("tag jurisdiction" is sufficient to meet Section 1782 element, relying on *In re Edelman*, 295 F.3d 171, 180 (2d Cir. 2002), which holds "that if a person is served with a subpoena while physically present in the district . . . then for purposes of [Section] 1782(a), he is 'found' in that district").

There can be no debate that all of the Discovery Targets reside or are found in this District. The four individuals, Harry Sargeant Jr., Harry Sargeant III, Daniel Sargeant, and James Sargeant, have filed papers with Florida's Department of State identifying personal addresses within this District. Moreover, Harry Sargeant III and Daniel Sargeant have submitted to this Court's jurisdiction in recent litigation in this District related to the same underlying fraudulent and unlawful activity by Mr. Ruperti that is part of Novoship's defense in the Foreign Proceeding. *See Harry Sargeant III v. Maroil Trading Inc., et al.*, Case No. 17-cv-81070 (S.D. Fla. Sept. 25, 2017). In that case, the Second Amended Complaint alleged that both Harry Sargeant III and Daniel Sargeant reside in Palm Beach County, Florida, and Daniel Sargeant did not contest jurisdiction. *See id*. at DE 142.

Turning to the three business entities, according to their registration with Florida's Department of State, all three are located and conduct business in this District: Sargeant Marine Inc. (managed by Harry Sargeant Jr. and James Sargeant) maintains its principal office in Deerfield Beach; International Oil Trading Company LLC (managed by Harry Sargeant III) maintains its principal office in Delray Beach; and Berger Singerman maintains its principal office in Fort Lauderdale.

B.  **The Discovery is for Use in a Foreign Proceeding by an "Interested Person"**

The next two statutory elements are also easily met: the discovery sought is for use in the Foreign Proceeding currently pending before the English High Court (*see* Declaration ¶¶ 3-8), and Novoship is, by definition, an "interested person" as a defendant in the Foreign Proceeding. *See id*. There is "[n]o doubt litigants are included among, and may be the most common example of, the 'interested person[s]' who may invoke [Section] 1782." *Intel*, 542 U.S. at 256; *Consorcio*, 747 F.3d at 1269 (it was undisputed that "[a]s a party to the dispute, [the Section

8

1782 applicant] plainly is an 'interested person'").

Novoship possesses a reasonable interest in obtaining judicial assistance from this Court to obtain discovery located in this District to help support its defenses in the Foreign Proceeding, namely, that it did not breach the settlement agreement by its agents providing the Confidential Documents to Daniel Sargeant and LAIL, and that, in any event, the provision of those documents was justified under the circumstances as it uncovered fraudulent and unlawful activity by Mr. Ruperti such that it benefited the public good and is therefore not actionable conduct. *See* Declaration ¶¶ 6-7, 36-40.

### III.  Novoship's Section 1782 Petition Meets the Discretionary Factors for Relief

As noted above, once this Court has determined that the statutory elements for relief under Section 1782 are met (they plainly are), it is free to grant discovery in its discretion. As set forth below, the discretionary factors set forth in *Intel* weigh in favor of granting this Petition.

#### A.  The Discovery Targets Are Not Participants in the Foreign Proceeding

First, none of the Discovery Targets is a party to the Foreign Proceeding, nor is there any expectation that they may be joined as a party. *See* Declaration ¶ 53. Furthermore, Novoship has no reason to believe that the Discovery Targets would be subject to the English High Court's jurisdiction. *Id.* Thus, this factor weighs in favor of granting the Petition as the discovery sought may be unobtainable without the aid of Section 1782. *See Intel*, 542 U.S. at 264 ("the need for [Section] 1782(a) aid generally is not as apparent as it ordinarily is when evidence is sought from a nonparticipant in the matter arising abroad."). As the Supreme Court explained: "[a] foreign tribunal has jurisdiction over those appearing before it, and can itself order them to produce evidence. In contrast, nonparticipants in the foreign proceeding may be outside the foreign tribunal's jurisdictional reach; hence, their evidence, available in the United States, may be

unobtainable absent [Section] 1782 aid." *Id.* (internal citations omitted).

### B.   The Foreign Tribunal's Receptiveness to Judicial Assistance

The next discretionary factor also weighs in favor of granting discovery. Novoship's counsel representing it in the Foreign Proceeding has advised that there is no indication that the English High Court would not be receptive to the documentary and testimonial evidence sought through the instant Petition. *See* Declaration ¶ 54. Indeed, courts in this District have noted that "English courts are generally receptive to [Section] 1782 discovery." *Godfrey*, 2018 WL 1863749, at *10 (granting Section 1782 discovery in aid of proceedings before an English court); *see also In re Application of Eurasian Bank Joint Stock Co.*, 3:15-mc-106-L-BN, 2015 WL 6438256, *3 (N.D. Tex. October 21, 2015) ("In the absence of authoritative proof that a foreign tribunal would reject evidence obtained with the aid of section 1782, . . . the Court determines that the second factor does not weigh against an exercise of discretion in Eurasian's favor."); *Weber v. Finker*, 3:07-MC-27 J32MCR, 2007 WL 4285362, at *5 (M.D. Fla. Nov. 30, 2007) (same).

### C.   This Request Does Not Attempt to Circumvent Foreign Restrictions

Next, Novoship's counsel has advised that the evidence sought through this Petition likely would be admissible in the Foreign Proceeding and does not otherwise circumvent any proof-gathering restrictions under English law. *See* Declaration ¶ 54.

Moreover, to the extent that some of the document requests seek communications with the Foreign Claimants and the Foreign Third-Party Defendants, that does not stifle the reach of Section 1782. "[E]ven when the requested documents may be available in the foreign jurisdiction, there is no requirement to first seek discovery from the non-US tribunal or exhaust other options before applying to a district court for § 1782 discovery." *Godfrey*, 2018 WL

1863749, at *10; *see In re Clerici*, 481 F.3d at 1333 n.12 (noting that, in *Intel*, the Supreme Court held that Section 1782 does not impose a foreign-discoverability requirement and that "nothing in the text of [Section] 1782 limits a district court's production-order authority to materials that could be discovered in the foreign jurisdiction if the materials were located there") (quoting *Intel*, 542 U.S. at 260); *In re Application of Mesa Power Group, LLC*, 878 F. Supp. 2d 1296, 1304 (S.D. Fla. 2012) (same). Indeed, "[a]bsent a persuasive showing that a [S]ection 1782 applicant [] is actively seeking to circumvent the foreign tribunal's discovery methods and restrictions, . . . this factor does not counsel against [S]ection 1782 relief." *Mesa*, 878 F. Supp. 2d at 1305.

### D. This Request Is Not Unduly Intrusive or Burdensome

Finally, this Petition is not unduly intrusive or burdensome. As seen in the proposed subpoenas attached as Composite Exhibit B, Novoship seeks documentary and testimonial information that is or should be readily available to the Discovery Targets on a few discrete topics relevant to Novoship's defense in the Foreign Proceeding. The documents sought are of the nature kept in the ordinary course of business and lend themselves to easy identification and production. *See* Declaration ¶ 56.

Overall, all of the *Intel* discretionary factors weigh in favor of grating the Petition.

## CONCLUSION

WHEREFORE, Novoship respectfully requests that this Court enter an order granting this Petition pursuant to 28 U.S.C. 1782; granting Novoship leave to serve the Discovery Targets with subpoenas substantially similar to those attached as Composite Exhibit B; reserving jurisdiction to grant Novoship leave to serve any additional subpoenas as may be necessary to obtain the evidence described in this Petition; and granting any other and further relief as the

Court deems just and proper.

DATED:  April 30, 2020 **REED SMITH LLP**

By: */s/Edward M. Mullins*
    Edward M. Mullins (FBN 863920)
    Email:  emullins@reedsmith.com
    Ana M. Barton (FBN 85721)
    Email:  abarton@reedsmith,com
    1001 Brickell Bay Drive, 9th Floor
    Miami, FL 33131
    Telephone:  +1 786 747 0200
    Facsimile:  +1 786 747 0299

    *Attorneys for Applicant, Novoship (UK) Limited*