UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.:

IN RE APPLICATION OF

    NOVOSHIP (UK) LIMITED,

    Applicant,

Pursuant to 28 U.S.C. § 1782 for Judicial
Assistance in Obtaining Evidence for Use in
Foreign and International Proceedings.
_____/

### [PROPOSED] ORDER GRANTING *EX PARTE* PETITION FOR JUDICIAL ASSISTANCE IN AID OF A FOREIGN PROCEEDING PURSUANT TO 28 U.S.C. § 1782

THIS CAUSE came before the Court upon the *Ex Parte* Petition for Judicial Assistance in Aid of a Foreign Proceeding Pursuant to 28 U.S.C. § 1782 (the "Petition") of Novoship (UK) Limited ("Novoship"). The Court has considered the Petition, the Declaration of Stephen Kirkpatrick in support of the Petition, and other supporting materials. The Court finds as follows:

    A.    Novoship has met the requirements set forth by 28 U.S.C. § 1782 to obtain the requested judicial assistance sought in the Petition, and the discretionary factors identified by the United States Supreme Court in *Intel Corp. v. Advanced Micro Devices, Inc.,* 542 U.S. 241 (1994), weigh in favor of granting the Petition.

    B.    Novoship seeks documentary and testimonial evidence from seven discovery targets that reside or are found in this District for use in its defense of an on-going foreign proceeding taking place before the English High Court.

    C.    The discovery targets are Harry Sargeant Jr., Harry Sargeant III, Daniel Sargeant, James Sargeant, Sargeant Marine Inc., International Oil Trading Company LLC, and Berger Singerman LLP (the "Discovery Targets").

- 2 -

D.     As a defendant in the foreign proceeding, Novoship is an interested person within the meaning of 28 U.S.C. § 1782.

E.     Novoship intends to use the discovery obtained by way of this Petition to support its defense in the foreign proceeding.

F.     The Discovery Targets are not expected to be parties or participants in the foreign proceeding and are outside the jurisdiction of the English High Court.  Furthermore, there is no indication that the English High Court would not be receptive to the assistance by this Court to obtain the requested discovery, nor does the Petition present any circumvention of the English High Court's proof-gathering restrictions. Finally, the discovery sought is not unduly intrusive or burdensome.

Accordingly, it is hereby **ORDERED and ADJUDGED** as follows:

1.     The Petition is **GRANTED**.

2.     Any discovery taken pursuant to this Order, and any related motion practice, shall be governed by the Federal Rules of Civil Procedure.

3.     Novoship is hereby authorized to issue and serve subpoenas on the Discovery Targets that are in substantially similar form to the form to those attached to the Petition. Novoship is further authorized to serve additional follow-up subpoenas on the Discovery Targets or any person, corporate entity, or financial institution found or residing in this District as may be necessary to obtain the testimonial or documentary evidence described in the Petition.

4.     The Discovery Targets are ordered to preserve all relevant and potentially relevant evidence in their possession, custody or control until further order of this Court.

- 3 -

5. Nothing in this Order shall be construed to prevent Novoship from seeking modification of this Order.

IT IS SO ORDERED, this ___ day of _____, 2020

_____
UNITED STATES DISTRICT COURT JUDGE