UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-60876-MC-ALTMAN

IN RE:

**NOVOSHIP (UK) LIMITED**.

_____/

# ORDER

Novoship Limited ("Novoship") has filed this *ex parte* petition (the "Petition") [ECF No. 1] for judicial assistance in aid of discovery in a foreign proceeding. In support of its Petition, Novoship has attached the declaration of Stephen Kirkpatrick—Novoship's counsel in its proceeding before the English High Court. *See* Kirkpatrick Aff. [ECF No. 1-1].

## THE FACTS

Novoship was sued (the "Ruperti Action") in the English High Court by Maroil Trading, Inc. and Sea Pioneer Shipping Corp.—two corporate entities wholly owned by Wilmer Ruperti. *See* Kirkpatrick Aff. ¶ 4. In that suit, the plaintiffs claim that Novoship breached a contract it had with the plaintiffs when Novoship disclosed certain confidential documents to third parties. *See id.* As a defense, Novoship alleges that its disclosure was in the public interest because it "helped uncover fraudulent and unlawful activity perpetuated by Mr. Ruperti." *Id.* ¶ 6.

In a separate action, Novoship (along with some other entities) has sued (the "Hall Action") Burford Capital (UK) Limited and Daniel James Hall—alleging that, in fact, it was Burford and Hall who released the documents in question. *See id.* ¶ 5. If Novoship is found liable in the Ruperti Action, Novoship will "contend that the disclosure was caused" by Hall and

Burford "acting in breach of confidence and for their sole interest" and will argue that "it should not be found liable on that basis." *Id.* ¶ 6.

To prevail on its public policy defense in the Ruperti Action, Novoship will have to prove "that the disclosure of the allegedly confidential documents was justified in the public interest and that there was an actual fraud or other serious unlawful conduct which the disclosure revealed." *Id.* ¶ 7. To that end, Novoship seeks this Court's assistance in obtaining discovery from the following individuals and entities, each of whom is believed to have information regarding the allegedly-fraudulent scheme perpetrated by Mr. Ruperti: Harry Sargeant Jr.; Harry Sargeant III; Daniel Sargeant; James Sargeant; Sargeant Marine, Inc.; International Oil Trading Company, LLC; and Berger Singerman, LLP (collectively, the "Discovery Targets"). *See id.* ¶ 8.

## THE LAW

The statute that allows foreign litigants to seek judicial assistance from an American court in obtaining international discovery—28 U.S.C. § 1782—"is the product of congressional efforts, over [a] span of nearly 150 years, to provide federal-court assistance in gathering evidence for use in foreign tribunals." *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 247 (2004). In pertinent part, it provides as follows:

> The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal, including criminal investigations conducted before formal accusation. The order may be made pursuant to a letter rogatory issued, or request made, by a foreign or international tribunal or upon the application of any interested person and may direct that the testimony or statement be given, or the document or other thing be produced, before a person appointed by the court. By virtue of his appointment, the person appointed has power to administer any necessary oath and take the testimony or statement. The order may prescribe the practice and procedure, which may be in whole or part the practice and procedure of the foreign country or the international tribunal, for taking the testimony or statement or producing the document or other thing. To the extent that the order does not prescribe otherwise, the testimony or statement shall

>be taken, and the document or other thing produced, in accordance with the Federal Rules of Civil Procedure.
>
>A person may not be compelled to give his testimony or statement or to produce a document or other thing in violation of any legally applicable privilege.

28 U.S.C. § 1782(a).

By its own terms, then, the statute "'authorizes, but does not require,' that district courts provide judicial assistance to [foreign] applicants." *Sergeeva v. Tripleton Int'l Ltd.*, 834 F.3d 1194, 1198 (11th Cir. 2016) (citation omitted). In other words, ultimately, "[w]hether, and to what extent, to honor a request for assistance pursuant to § 1782 has been committed by Congress to the sound discretion of the district court." *United Kingdom v. United States*, 238 F.3d 1312, 1318–19 (11th Cir. 2001).

To make a prima-facie showing under the statute, a foreign litigant must satisfy the following four elements:

>(1) the request must be made "by a foreign or international tribunal," or by "any interested person"; (2) the request must seek evidence, whether it be the "testimony or statement" of a person or the production of "a document or other thing"; (3) the evidence must be "for use in a proceeding in a foreign or international tribunal"; and (4) the person from whom discovery is sought must reside or be found in the district of the district court ruling on the application for assistance.

*Consorcio Ecuatoriano de Telecomunicaciones S.A. v. JAS Forwarding (USA), Inc.*, 747 F.3d 1262, 1269 (11th Cir. 2014) (quoting *In re Clerici*, 481 F.3d 1324, 1331 (11th Cir. 2007)). If the litigant makes its prima facie case, the Court must turn to the four discretionary factors set out by the Supreme Court in *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 264 (2004) (the "*Intel* factors"):

>(a) whether aid is sought to obtain discovery from a participant in the foreign proceeding ("First Factor"); (b) "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance" ("Second Factor"); (c) whether the applicant is attempting to use § 1782 to "circumvent

3

> foreign proof-gathering restrictions or other policies of a foreign country or the United States" ("Third Factor"); and (d) whether the discovery requests are "unduly intrusive or burdensome" ("Fourth Factor").

*Sergeeva*, 834 F.3d at 1199 (describing the "*Intel* factors").

In applying these discretionary factors, courts should take heed that "discovery is more likely to be justified when the person from whom the discovery is sought is not a participant in the prospective foreign proceeding because 'nonparticipants in the foreign proceeding may be outside the foreign tribunal's jurisdictional reach; hence, their evidence, available in the United States, may be unobtainable absent § 1782(a) aid.'" *In re: Application of Bracha Found.*, 663 F. App'x 755, 764–65 (11th Cir. 2016) (quoting *Intel Corp.*, 542 U.S. at 264).

## ANALYSIS

Novoship has met its burden here. In other words, it has satisfied both the prima facie elements under the statute and the discretionary factors outlined by the Supreme Court in *Intel*.

As to the prima facie case: *First*, Novoship seeks documents in connection with an ongoing proceeding in which it is involved before the English High Court (*Maroil Trading Inc. & Others v. Cally Shipholdings Inc & Others*, Claim No. CL-2018-0000824). It is, therefore, "an interested person" under the statute. *See In re Republic of Argentina*, 2020 WL 3046029, at *1 (S.D. Fla. Feb. 12, 2020) (finding that party to foreign proceeding is "interested person" under the statute). *Second*, Novoship's request is for both "testimony" and "production of documents," *see* Compl. Ex. B (the "Subpoenas") [ECF No. 1-2], and thus seeks "evidence." *Third*, Novoship seeks the evidence for use "in a proceeding in a foreign or international tribunal." *Fourth*, the persons from whom Novoship seeks discovery reside in the Southern District of Florida. *See* Kirkpatrick Aff. ¶ 8.

Novoship has also satisfied the discretionary *Intel* factors. Novoship is seeking discovery for use in a foreign tribunal, and the persons from whom the evidence is sought are not parties to

4

that proceeding. As such, the first factor weighs in Novoship's favor. *Cf. In re Republic of Argentina*, 2020 WL 3046029, at *2 (S.D. Fla. Feb. 12, 2020) (when deponent "is not a party to the foreign proceeding . . . the first factor weighs in favor of Petitioner."). As to the second factor, there is no indication that the courts of the United Kingdom would be unreceptive to American evidence and, in fact, § 1782 is routinely used to obtain evidence for proceedings in that country. *See, e.g.*, *In re Emergency Ex Parte Application of Godfrey*, 2018 WL 1863749, at *10 (S.D. Fla. Feb. 22, 2018), *report and recommendation adopted sub nom.*, *In re Godfrey*, 2018 WL 1859344 (S.D. Fla. Mar. 15, 2018) ("Some U.S. district courts have also recognized that English courts are generally receptive to § 1782 discovery."). Third, there is no reason to believe that Novoship is attempting to use the statute to circumvent any foreign proof-gathering restrictions. And, "even when the requested documents *may* be available in the foreign jurisdiction, there is no requirement to first seek discovery from the non-US tribunal or exhaust other options before applying to a district court for § 1782 discovery." *In re: Application of Bracha Found.*, 663 F. App'x at 765 (emphasis added). Fourth and finally, the Court has reviewed the Petitioner's discovery requests, *see generally* Subpoenas, and finds that they are neither unduly intrusive nor overly burdensome.

*\*\*\**

Accordingly, and being fully advised, the Court hereby

**ORDERS AND ADJUDGES** as follows:

1. The Petition [ECF No. 1] is **GRANTED**.
2. Novoship is hereby authorized to issue and serve the subpoenas that it attached to the Petition [ECF No. 1-2] on the Discovery Targets. Novoship is also authorized to serve additional follow-up subpoenas on the Discovery Targets or any person, corporate

entity, or financial institution found or residing in this District as may be necessary to obtain the testimonial or documentary evidence described in the Petition.

3. The Discovery Targets are ordered to preserve all relevant and potentially relevant evidence in their possession, custody, or control until further Order from this Court.

4. The Clerk of Court is directed to **CLOSE** this case. All other pending motions are **DENIED as moot**.

**DONE AND ORDERED** in Fort Lauderdale, Florida, this 17th day of June 2020.

_____
**ROY K. ALTMAN**
**UNITED STATES DISTRICT JUDGE**

cc: counsel of record